IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH J. JOHNSON,                    No. CIV S-10-1641-FCD-CMK-P

    Petitioner,

  vs.                                 FINDINGS AND RECOMMENDATIONS

M.D. McDONALD,

    Respondent.

                                 /

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 17).[1]

In this case, petitioner challenges a prison disciplinary conviction and resulting loss of good-time credits. Petitioner seeks restoration of good-time credits, as well as expungement of the disciplinary conviction and adjustment of his classification score. Respondent argues that, because the lost good-time credits have been restored, the petition is moot and must be dismissed. The court agrees.

"A case becomes moot when 'it no longer present[s] a case or controversy under

---

[1] Also before the court is respondent's motion for an extension of time (Doc. 14) to respond to the petition. That request should be granted, nunc pro tunc, and respondent's motion to dismiss should be deemed a timely response to the petition.

1

1  Article III, § 2, of the Constitution.'" <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003)
2  (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)).  Based on the jurisdiction requirement in
3  § 2254 cases that a petitioner be in "custody" at the time of seeking habeas relief, a claim is
4  potentially moot if the very "custody" the petitioner challenges terminates.  <u>See</u> <u>Spencer</u>, 523
5  U.S. at 7; <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998).  When the challenged
6  "custody" has terminated, a petitioner may nonetheless avoid dismissal of a habeas petition as
7  moot if "some concrete and continuing injury other than the now-ended ["custody"] – some
8  'collateral consequence' of the conviction" remains.  <u>Spencer</u>, 523 U.S. at 7.

9            "Collateral consequences" are burdens which flow from the petitioner's
10  conviction, thereby giving the petitioner a substantial stake in the judgment which survives the
11  satisfaction of the sentence.  <u>See</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968).  The existence
12  of collateral consequences sufficient to avoid mootness can be either presumed or proven.  <u>See</u>
13  <u>Spencer</u>, 523 U.S. at 8.  Collateral consequences are presumed when the petition attacks a
14  criminal conviction.  <u>See id.</u>  Such a presumption, however, does not apply where the petition
15  challenges the revocation of parole.  <u>See id.</u> at 14.  Nor does the presumption apply where the
16  petition challenges a prison disciplinary proceeding.  <u>See</u> <u>Wilson</u>, 319 F.3d at 480.  Collateral
17  consequences, where not presumed, can be proven.  For example, in the prison disciplinary
18  context, collateral consequences can be proven if the petitioner can show consequences which
19  are not speculative or ephemeral but are likely to result from the disciplinary action being
20  challenged.  <u>See</u> <u>Wilson</u>, 319 F.3d at 481 & n.4.

21            In this case, respondent argues that the petition is moot because there is no relief
22  this court can grant.  In particular, as to petitioner's request that good-time credits be restored, no
23  relief can be granted because the credits have already been restored.  As to petitioner's requests
24  for expungement of the disciplinary conviction and adjustment of his classification score,
25  respondent argues that no relief can be granted because these requests for relief do not touch on
26  the fact or duration of petitioner's conviction (either the underlying conviction or disciplinary

conviction). The question, then, is whether collateral consequences exist such that the case was not mooted by restoration of lost good-time credits. As discussed above, such consequences cannot be presumed in the disciplinary context. Thus, any collateral consequences must be proven. In this case, petitioner has not opposed respondent's motion or otherwise made any showing whatsoever of the existence of consequences likely to result from the disciplinary conviction he challenges. To be clear, the court cannot even begin to address the issue of whether collateral consequences actually exist because petitioner has not offered any proof that they do.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion for an extension of time (Doc. 14) be granted, nunc pro tunc, and respondent's motion to dismiss be deemed a timely response to the petition;

2. Respondent's motion to dismiss (Doc. 17) be granted; and

3. This petition be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE